El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Hoy reiteramos la norma establecida en Lugo Rodríguez v. J.P., 150 D.P.R. 29 (2000), y aclaramos el alcance de nuestros pronunciamientos en dicho caso sobre quiénes son “parte” para fines de la notificación de un recurso de reconsideración o revisión judicial de una determinación administrativa, así como la distinción entre un mero par-ticipante y un participante activo. Al reiterar la referida norma, resolvemos que la mera designación o notificación a personas o entidades de la determinación final de la agen-cia no las convierte automáticamente en “parte” para fines de los procedimientos posteriores de reconsideración y re-visión judicial, si éstas no cumplen con los demás requisi-tos establecidos en Lugo Rodríguez. De igual forma, resol-vemos que, por tratarse de un asunto revisable, las agencias administrativas deben explicar, aunque sea de forma breve y sucinta, cualquier designación de “parte” que hagan al emitir sus determinaciones finales, cuando no se trate del promovido, el promovente o un interventor designado formalmente como tal durante el procedimiento.
Aclaramos, además, que las personas notificadas de un procedimiento administrativo por encontrarse en un radio determinado del proyecto propuesto no se convierten auto-máticamente en “parte” para fines de la notificación de un recurso de revisión judicial. Más bien, antes de designarle como “parte,” la agencia debe evaluar la naturaleza de la participación de las personas o entidades así notificadas para determinar si se trata de un mero participante o un participante activo.
*459 hH
P.D.C.M. Associates, S.E. (P.D.C.M.) presentó ante la Administración de Reglamentos y Permisos (A.R.Pe.) un anteproyecto para la construcción de un proyecto residen-cial llamado Azure Torres I y II a ubicarse en la calle Palm Circle del municipio de Guaynabo. Luego de los procedi-mientos administrativos de rigor, A.R.Pe. emitió una reso-lución en la que autorizó el plano de desarrollo preliminar y el anteproyecto de construcción presentado por P.D.C.M. Inconforme con la determinación de A.R.Pe., la Junta de Directores del Condominio Portofino (Portofino) presentó una moción de reconsideración. Portofino notificó dicha moción a dieciséis personas o entidades. Posteriormente, A.R.Pe. emitió un nuevo dictamen en el que reafirmó su decisión original.
En su dictamen, A.R.Pe. hizo alusión a una moción pre-sentada por P.D.C.M. cuestionando la jurisdicción de la agencia para atender la moción de reconsideración instada por Portofino, ya que ésta alegadamente no había sido no-tificada a todas las “partes”. Sin embargo, A.R.Pe. declinó adjudicar el asunto jurisdiccional aduciendo que ya había tomado una determinación favorable a la parte que solici-taba la desestimación, en este caso la propia P.D.C.M.
Aún inconforme, Portofino presentó un recurso de revi-sión judicial ante el Tribunal de Apelaciones. En su escrito argumentó, inter alia, que A.R.Pe. incidió al identificar como “parte” en el proceso administrativo a treinta y siete personas. Sostuvo que no todas las personas a las que la agencia notificó su dictamen participaron en calidad de “parte”.
Oportunamente, P.D.C.M. solicitó la desestimación del recurso, alegando que A.R.Pe. carecía de jurisdicción para entender en la moción de reconsideración presentada por Portofino, ya que ésta no había sido notificada a todas las “partes” del proceso. A base de ello, argumentó que el Tribunal de Apelaciones tampoco tenía jurisdicción para atender el recurso de revisión de la determinación administrativa.
*460 Luego de varios trámites procesales, el Tribunal de Ape-laciones emitió una resolución en la que le ordenó a A.R.Pe. comparecer e identificar quiénes fueron “parte” en el pro-ceso administrativo. En su resolución, el tribunal enfatizó que no toda persona que participa en un procedimiento administrativo ante la agencia es “parte” para propósitos de notificación de los trámites posteriores a la resolución administrativa. Por ello, instruyó a A.R.Pe. para que espe-cificara la naturaleza de la participación en el procedi-miento administrativo de cada una de esas personas o entidades.
En respuesta a la resolución del tribunal, A.R.Pe. com-pareció y adujo que en su dictamen ya había identificado las “partes” del caso. Además, sostuvo que el litigante in-conforme con la enumeración de las “partes” hecha en su resolución original estaba obligado a hacer el plantea-miento en la moción de reconsideración o en su recurso de revisión judicial. Enfatizó que, de todos modos, éste tenía que notificar su impugnación a todos los que estaban in-cluidos en la enumeración realizada por A.R.Pe. Por úl-timo, A.R.Pe. argumentó que el Tribunal de Apelaciones debía desestimar el recurso de revisión por falta de juris-dicción, debido a que Portofino no notificó su moción de reconsideración a todas las personas notificadas del dicta-men administrativo.
El Tribunal de Apelaciones devolvió el caso a A.R.Pe. y ordenó que la agencia administrativa notificara nueva-mente su decisión. De igual forma, instruyó a que en su notificación A.R.Pe. expusiera la naturaleza de la partici-pación de cada una de las treinta y siete personas o enti-dades a quienes notificó su dictamen. Ello, según el tribunal, para poder ejercer su facultad de revisión y evaluar, a la luz de Lugo Rodríguez, cuáles de las personas notifica-das por la agencia son “parte” para los trámites posteriores de reconsideración o revisión judicial. Finalmente, con-cluyó que los términos para solicitar revisión no comenza-rían a transcurrir hasta que A.R.Pe. notificara su determi-nación de forma compatible con lo resuelto por el tribunal.
*461 De la decisión del Tribunal de Apelaciones acude ante nos RD.C.M. y nos solicita que revoquemos el dictamen recurrido. Señala como único error que el tribunal orde-nara a A.R.Pe. exponer la naturaleza de la párticipación en el procedimiento administrativo de cada persona o entidad notificada en su determinación final. En esencia, sostiene que la simple designación como “parte” de todas las. perso-nas notificadas en la orden de A.R.Pe. es suficiente para identificar quiénes deben ser notificados de un recurso de revisión judicial, sin que la agencia tenga que explicar en qué consistió su participación. Argumenta que tal requeri-miento constituiría una interpretación holgada y expan-siva de Lugo Rodríguez.
Examinada la solicitud, acordamos expedir. Con el be-neficio de la comparecencia de ambas partes, procedemos a resolver.
i — i HH
La controversia planteada requiere que definamos quién es “parte” para fines de un procedimiento administrativo y quién lo es para las etapas posteriores de reconsideración y revisión judicial. La See. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), 3 L.P.R.A. see. 2172, dispone que “[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones ...”. Dicha solicitud debe ser notificada tanto a la agencia como a todas las partes dentro del término para solicitar la revisión judicial. Lugo Rodríguez.
La Sec. 1.3 de la L.P.A.U. define “parte” como “toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de uña agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la *462 revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento”. 3 L.P.R.A. see. 2102. Por otro lado, el Prof. Demetrio Fernández opina que “es parte aquel que puede demostrar el efecto adverso de la acción administrativa o cómo la inacción del proceso admi-nistrativo le puede causar menoscabo a sus derechos”. D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, Bogotá Ed. Forum, 1993, pág. 159.
En la jurisdicción federal, el Administrative Procedure Act define “parte” de la forma siguiente:
... “part/’ includes a person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in an agency proceeding, and a person or agency admitted by an agency as a party for limited purposes. 5 U.S.C.A. sec. 551(3).
Este Tribunal ha reconocido la dificultad que conlleva precisar quién es parte en un procedimiento adminis-trativo. Véase, por ejemplo, Const. I. Meléndez, S.E. v. A.C., 146 D.P.R. 743, 749 (1998). No obstante, “[l]a ley es clara al señalar que son ‘parte’ el promovido, el promo-vente, el interventor y aquel designado como tal”. Ahora bien, “la controversia surge en cuanto a aquellos que pue-dan reclamar ser ‘parte’ pero que no se encuentren dentro de las mencionadas categorías”. Lugo Rodríguez, supra, págs. 39-40. En vista de que la notificación a la agencia y a todas las partes es de carácter jurisdiccional, identificar adecuadamente a las partes resulta indispensable para po-der recurrir de una determinación administrativa, ya sea mediante una solicitud de reconsideración o presentando un recurso de revisión judicial. Const. I. Meléndez, S.E. v. A.C., supra.
En Lugo Rodríguez nos expresamos sobre quiénes son “parte” para fines de la notificación de un recurso de revisión judicial. En esa ocasión distinguimos el participante activo de un mero participante y concluimos que el mero participante no es parte y que, por lo tanto, no tiene *463 que ser notificado de un recurso de revisión judicial. Al definir estos conceptos, sostuvimos que “un mero partici-pante se limita a comparecer a la audiencia pública, sin mayor intervención; o declara en la misma pero no de-muestra interés ulterior en el asunto; o únicamente suple evidencia documental; o participa en calidad de amicus curiae”. Id., pág. 43.
En cuanto al participante activo, resolvimos que su par-ticipación en el procedimiento administrativo ha de ser más plena. En particular, expresamos que
[l]a persona ha de demostrar que tiene un interés reconocido en el dictamen de la agencia; comparece a la(s) vista(s) y pre-senta su posición oralmente y por escrito, y asume un rol ac-tivo en el proceso más allá de una mera participación como testigo o “amigo de la corte”. Un participante activo es, pues, aquél que utiliza los remedios disponibles en aras de proteger su interés e interviene de forma tal en el proceso que resulta-ría injusto y arbitrario no considerarlo una “parte”. Lugo Rodríguez, supra, págs. 43-44.
Al resumir la norma establecida en Lugo Rodríguez, expresamos que son partes, a las cuales es necesario notificar con copia de un recurso de revisión judicial: “(1) el promovente; (2) el promovido; (3) el interventor; (4) aquel que haya sido notificado de la determinación final de la agencia administrativa', (5) aquel que haya sido reconocido como “parte” en la disposición final administrativa, y (6) aquel que participa activamente durante el procedimiento administrativo y cuyos derechos y obligaciones puedan verse adversamente afectadas por la acción o inacción de la agencia”. (Enfasis suplido.) Id., pág. 44.
No obstante, aclaramos que “[n]o son ‘parte’ a quienes tenga que notificárseles copia de los recursos de revisión judicial: (1) el mero participante; (2) el amicus curiae', (3) aquel que comparece a la audiencia pública sin mayor intervención; (4) aquel que únicamente declara en la vista, sin demostrar ulterior interés; (5) aquel que se limita a suplir evidencia documental, [y] (6) aquel que no demuestre tener un interés que pueda verse adversamente *464 afectado por el dictamen de la agencia”. (Escolio omitido.) Lugo Rodríguez, supra, pág. 44.
III
En el caso de autos, A.R.Pe. alega, en esencia, que la mera designación como “parte” de treinta y siete personas o entidades en su resolución final es suficiente para que éstos sean consideradas “parte” para fines de la notifica-ción de un recurso de revisión judicial. Por tal razón, se negó a exponer la naturaleza de la participación de cada una de ellas en el procedimiento administrativo.
La agencia justifica su negativa a describir la natura-leza de la participación de cada una de las “partes”, funda-mentándose en lo resuelto por esta Curia en Lugo Rodríguez. En particular, A.R.Pe. cita la enumeración que hiciéramos en dicho caso sobre quiénes deben ser conside-rados como “parte” para fines de la notificación de un es-crito de revisión judicial. En efecto, en nuestra enumera-ción incluimos, inter alia, a “aquel que haya sido notificado de la determinación final de la agencia administrativa” y “aquel que haya sido reconocido como ‘parte’ en la disposi-ción final administrativa”. Id., pág. 44.
No obstante, debemos reconocer que la interpretación propuesta por A.R.Pe. sobre Lugo Rodríguez tendría el efecto de anular la norma establecida en ese mismo caso en cuanto a la distinción entre un mero participante y un par-ticipante activo. Según el razonamiento de la agencia, el mero hecho de notificar su resolución final a una persona o entidad o designarla como “parte” en su resolución final, convierte a dicha persona o entidad en “parte”, aun cuando de acuerdo con Lugo Rodríguez, ésta sea un mero partici-pante a quien no hay que notificar un recurso de revisión judicial.
Tomamos conocimiento judicial que dicha interpretación de Lugo Rodríguez está causando serios inconvenientes para todos los que participan de procedimientos adminis-trativos en dicha agencia. El origen de tales inconvenien- *465 tes es, precisamente, que la agencia está notificando como “parte” en su determinación final a un número considerable de personas o entidades, incluyendo aquellas que están dentro del radio de cien metros del proyecto propuesto, no-tificadas por disposición reglamentaria, sin hacer la corres-pondiente distinción entre un mero participante y un par-ticipante activo, según los criterios esbozados en Lugo Rodríguez. Al hacer dicha notificación, la agencia tampoco explica su decisión de designar como “parte” para fines de los procedimientos posteriores de reconsideración y revi-sión judicial a determinadas personas o entidades. Eviden-temente, este tipo de notificación dificulta la revisión judicial de la designación de “parte” hecha por la agencia y hace el procedimiento muy oneroso para las personas inte-resadas en solicitar la revisión judicial.
Ante esta situación, es necesario que aclaremos nues-tros pronunciamientos en Lugo Rodríguez, al incluir como “parte” para fines de la notificación de un recurso de revi-sión judicial, inter alia, “a aquel que haya sido notificado de la determinación final de la agencia administrativa” y “aquel que haya sido reconocido como ‘parte’ en la disposi-ción final administrativa”. íd., pág. 44. Además, debemos evaluar la situación particular de las personas notificadas del procedimiento administrativo por disposición regla-mentaria al encontrarse dentro de cien metros del proyecto propuesto.
A. En su escrito, A.R.Pe. sostiene que no tiene que fun-damentar las designaciones de “parte” hechas en su deter-minación final y que la mera notificación de sus determi-naciones finales convierte automáticamente en “parte”, para fines de un recurso de revisión, a las personas o enti-dades así notificadas. No le asiste la razón. Veamos.
La Sec. 3.14 de la L.P.A.U., según enmendada, dispone que “[l]a agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas —naturales o jurídicas— a quienes, en calidad de partes, les fue notificado el dictamen, a los fines *466 de que éstas puedan ejercer efectivamente el derecho de revisión judicial conferido por ley”. 3 L.P.R.A. see. 2164. No obstante, tanto la determinación final de la agencia, como la designación de “parte” que en ella se pueda hacer, son revisables ante los tribunales.
Anteriormente hemos expresado que “[p]ara que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo, es imprescindible exigir que ella esté fundamentada aunque sea de forma sumaria”. L.P.C. & D., Inc. v. A.C., 149 D.P.R. 869, 877-878 (1999), citando a RBR Const., S.E. v. A.C., 149 D.P.R. 836 (1999). Ello responde al entendido que “[s]i la parte adversamente afectada por la determinación de una agencia desconoce los motivos para su proceder, el trámite de la revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil”. L.P.C. & D., Inc. v. A.C., supra, pág. 878.
La necesidad de que las agencias fundamenten sus determinaciones, para que los tribunales podamos ejercer nuestra facultad revisora, se extiende también a determinaciones administrativas en procedimientos informales. En L.P.C. & D., Inc. v. A.C., supra, expresamos que “en procedimientos informales se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación. Aun cuando no se exigen determinaciones de hechos y de derecho en la adjudicación de procedimientos informales, deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión”. (Cita omitida y énfasis suplido.) Id., pág. 878.(1)
En aquella ocasión resolvimos que “la notificación de la adjudicación de una subasta debe ser fundamentada, al *467 menos de forma sumaria y sucinta”. L.P.C. & D., Inc. v. A.C., supra, pág. 879. “Al requerir que se incluyan los fun-damentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para deter-minar si la decisión fue arbitraria, caprichosa o irrazonable.” Pta. Arenas Concrete, Inc. v. J. Subastas, 153 D.P.R. 733, 742 (2001).
Debemos recordar que si bien la determinación final de una agencia administrativa es un factor importante para determinar quién es “parte” para fines de la notificación de un escrito de revisión judicial,(2) ello no debe ser interpretado como un cheque en blanco para que la agencia administrativa designe como “parte” a personas o entidades que no cumplen con los requisitos que para tales designaciones esbozamos en Lugo Rodríguez. De hecho, anteriormente hemos rehusado concederle el estatus de “parte” a una persona o entidad por el mero hecho de ésta haber sido notificada de la determinación final de la agencia. Véase Rivera v. Morales, 149 D.P.R. 672 (1999).(3)
Por lo tanto, al reiterar la norma establecida en Lugo Rodríguez, aclaramos que al emitir sus determinaciones finales y especificar los nombres y las direcciones de las partes, las agencias deberán explicar, aunque sea de forma breve y sucinta, cualquier designación de “parte” que hagan en dicha determinación final cuando no se trate del promovido, el promovente o un interventor designado formalmente como tal en los procedimientos. Es decir, fuera de las tres categorías antes mencionadas, la agencia deberá explicar brevemente cualquier designación de parte hecha en su determinación final, pues la mera designación *468 o notificación a personas o entidades de dicha determina-ción, no convierte a éstas automáticamente en “parte” para fines de los procedimientos posteriores de reconsideración y revisión judicial, si no cumplen con los demás requisitos establecidos en Lugo Rodríguez.
La explicación o fundamentación breve que debe hacer la agencia estará dirigida a demostrar que, con respecto a esas personas, se cumplen los requisitos de “parte” para fines de la notificación de un recurso de revisión esbozados en Lugo Rodríguez, y estará guiada por la norma reiterada por este Tribunal sobre la distinción entre un mero parti-cipante y un participante activo.
Sin embargo, conviene señalar que nada de lo aquí re-suelto impide que la agencia envíe notificaciones de corte-sía a todas las personas que participaron en los procedi-mientos, aun cuando se trate de meros participantes que, por ló tanto, no deben ser considerados como “parte” para fines de la notificación de un escrito de reconsideración y revisión judicial. Ciertamente, aquellos que no estén con-formes con la designación de “parte” hecha por la agencia, podrán pedir la reconsideración o la revisión judicial de dicha designación, pero sólo tendrán que notificar a las “partes” así designadas por la agencia.
Finalmente, es importante señalar que el lenguaje de la Sec. 3.14 de la L.P.A.U., que citáramos anteriormente, es producto de una enmienda introducida por la Asamblea Legislativa luego de nuestra decisión en Lugo Rodríguez.(4) En esencia, la enmienda requiere que las agencias especi-fiquen los nombres y las direcciones de las personas o en-tidades a quienes en calidad de “parte” les notifiquen sus determinaciones, para que éstas puedan ejercer efectiva-mente el derecho a la revisión judicial. No obstante, dicha enmienda no tuvo el efecto —como parece interpretar A.R.Pe.— de convertir automáticamente en “parte” para *469 fines de los procedimientos posteriores de reconsideración y revisión judicial, a las personas notificadas de la deter-minación administrativa por el mero hecho de que sus nombres y direcciones estén incluidos en tal deter-minación.
Por el contrario, la enmienda introducida revela que el legislador quiso establecer un mayor grado de especificidad en las determinaciones de las agencias, al punto de reque-rir más exactitud en la identificación de las “partes” para fines de la revisión judicial. A su vez, y en conformidad con lo señalado anteriormente, consideramos que tal ejercicio presupone que la agencia determine si se trata de meros participantes o participantes activos, según estos concep-tos fueron definidos en Lugo Rodríguez. Ello en vista de que en muchas ocasiones, además de especificar los nom-bres y las direcciones de las “partes” así designadas en el procedimiénto administrativo —como podría ser el promo-vido, el promovente o el interventor— las agencias tam-bién hacen designaciones de “parte” en la propia determi-nación final.
Por lo tanto, el proceso de especificar los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen —al que se hace referencia en la mencionada enmienda a la ley— requiere que la agencia explique aunque sea de forma breve su decisión de designar como “parte” en su determi-nación final a personas o entidades que no habían sido designadas formalmente como tal en los procedimientos.
Sin duda, tal requisito es cónsono con la mencionada enmienda y con la intención legislativa de requerir mayor especificidad en las determinaciones de las agencias administrativas. Más aún, nuestra interpretación es nece-saria para garantizar que los ciudadanos puedan ejercer efectivamente el derecho a la revisión judicial tal como lo estableció la Asamblea Legislativa al enmendar la L.P.A.U.
En conformidad con lo anterior, en el caso de autos, A.R.Pe. debe notificar nuevamente su determinación e in- *470 cluir una explicación breve y concisa sobre la naturaleza de la participación de cada una de las “partes” así designadas y notificadas en su determinación final. Sólo así el Tribunal de Apelaciones podría determinar si, en efecto, las de-signaciones de “parte” hechas por la agencia son correctas o no, a la luz de los criterios establecidos en Lugo Rodrí-guez y de esa forma poder ejercer su facultad revisora.
Pasemos ahora a examinar el asunto específico de las personas que se encuentran dentro del radio de cien metros del proyecto propuesto y que A.R.Pe. considera “parte” para fines de la notificación de un escrito de reconsidera-ción y revisión judicial.
B. En su determinación final, A.R.Pe. incluyó y noti-ficó en calidad de “parte” para fines de un recurso de revi-sión, a varias personas o entidades que están dentro del radio de cien metros del lugar de ubicación del proyecto propuesto, de acuerdo con la Notificación a Vecinos y Cer-tificación que presentó el promovente. Conforme a la regla-mentación vigente, esta notificación es un requisito regla-mentario con el cual el promovente debe cumplir para que dichas personas puedan ejercer su derecho a participar en el proceso administrativo. Sin embargo, esta notificación no convierte a los ciudadanos notificados en “parte” en dicho proceso. Para serlo, las personas notificadas deberán cumplir con los criterios establecidos en Lugo Rodríguez, por lo que, en este caso, A.R.Pe. erró al no sustentar la designación de “parte” de estas personas bajo dichos criterios.
No obstante, A.R.Pe. entiende que las personas que son notificadas de los procedimientos administrativos en cumplimiento con los requisitos reglamentarios de notificación a vecinos, automáticamente se convierten en “parte” para fines de notificación de un recurso de revisión judicial, independientemente de su grado de participación en los procedimientos. Si bien es cierto que es política pública propiciar una participación amplia en los procedimientos administrativos de todo aquel que tenga un interés que *471 pueda ser afectado por la determinación administrativa, esto no convierte a todo el que participa en un procedi-miento administrativo en “parte” para fines de la revisión judicial de la acción administrativa. Así lo establecimos en Lugo Rodríguez y hoy lo reiteramos.
En Lugo Rodríguez expresamos que la ley es clara al señalar que son “parte” el promovido, el promovente y el interventor designado como tal en el procedimiento administrativo. Sin embargo, la controversia surge en cuanto a aquellos que puedan reclamar ser “parte” pero que no se encuentren dentro de las mencionadas cate-gorías. Id., págs. 39-40. Precisamente, para atender la si-tuación de las personas o entidades que no están dentro de las categorías antes mencionadas y para poder determinar si éstas deben ser designadas como “parte” para fines de la revisión judicial, establecimos la distinción entre el mero participante y el participante activo.
Por lo tanto, al designar como “parte” en su de-terminación final a una persona o entidad que no sea el promovente, el promovido o el interventor designado como tal, la agencia administrativa deberá asegurarse que ésta cumple con los requisitos esbozados en Lugo Rodríguez. Es decir, la agencia debe evaluar la naturaleza de la partici-pación de estas personas o entidades y determinar si se trata de un mero participante o un participante activo.
En el propio caso Lugo Rodríguez, citando a Rivera v. Morales, supra, discutimos una situación semejante a la de las personas que participan del proceso administrativo en virtud de la notificación reglamentaria por estar dentro del radio de cien metros del proyecto propuesto. En aquel caso, se trataba de un vecino que se oponía al proyecto propuesto y que había participado del procedimiento administrativo. Al evaluar si se trataba de una “parte” expresamos:
Primeramente, al ser vecino del sector, entendimos que era obvio su interés en el pleito. En segundo lugar, al presentar una demanda de interdicto provisional y permanente solici-tando la paralización de la obra, quedó demostrado su interés en formar parte del proceso.
*472 Lo anterior, unido a su comparecencia a las audiencias pú-blicas para oponerse al proyecto propuesto, lo convirtieron en' . un participante activo y, por ende, en “parte”, aun cuando no solicitó intervención formalmente. (Enfasis suplido.) Lugo Ro-dríguez, supra, pág. 45.
Como se desprende de lo anterior, el Tribunal no reco-noció el' estatus de “parte” de dicho ciudadano, para fines de la notificación de la resolución final de la agencia, por el mero hecho de ser vecino del lugar del proyecto propuesto o por haber participado en el procedimiento. Más bien, eva-luó la naturaleza de la participación del señor Morales Blas y, tras el correspondiente análisis, determinó que ha-bía sido un participante activo, lo que lo hacía merecedor de la designación de “parte.”
Igual curso de acción se impone en el caso de aquellos que participan en el procedimiento administrativo en vir-tud de una notificación reglamentaria por estar dentro del radio de cien metros del proyecto propuesto. Esa notifica-ción, de por sí, aunque les garantiza el derecho a participar del procedimiento administrativo, no los hace parte auto-máticamente para fines de la notificación de un escrito de revisión. Antes de designarles como “parte”, la agencia debe evaluar la naturaleza de su participación para deter-minar si se trata de un mero participante o un participante activo a la luz de lo resuelto en Lugo Rodríguez.(5)
Lo anterior no debe entenderse como una alteración a la política pública de amplia participación de los ciudadanos en los procedimientos administrativos. Más aún, la norma de Lugo Rodríguez, a la luz de las aclaraciones menciona-das, constituye una medida necesaria para mantener la referida política pública y garantizar el derecho de los ciu-dadanos a la revisión judicial de las determinaciones administrativas. Así lo han hecho también otras jurisdic-ciones al limitar la definición de “parte” para fines de la *473 revisión judicial, sin menoscabar la política de amplia par-ticipación en los procedimientos administrativos.(6)
En gran medida esto se ha logrado distinguiendo la de-finición de “parte” para fines de la participación en el pro-cedimiento administrativo, de la definición de “parte” para fines de la revisión judicial. Esta diferencia conceptual se ha ido desarrollando con fuerza en la doctrina.de derecho administrativo en Estados Unidos. (7) De igual forma, la doctrina en Puerto Rico parece reconocer esta diferencia conceptual. El Prof. Demetrio Fernández opina que “[u]na parte puede carecer de legitimación activa para participar en la revisión judicial, pero puede ser considerada como ‘agraviada’ e interesada en participar e intervenir en el proceso administrativo”. Fernández Quiñones, op. cit, pág. 161.
De esta forma se puede dar amplia oportunidad para participar a todo el que esté interesado en los procedimien-tos y que pueda ser afectado por la determinación adminis-trativa, sin hacer inmanejables o demasiado onerosos los procedimientos posteriores de reconsideración y revisión judicial. Es decir, se debe, reconocer de forma liberal el de-recho de los ciudadanos a participar en los procedimientos administrativos, pero debemos estar claros que no cual-quier tipo de participación los convierte en “parte” para fines de la revisión judicial. A tales .efectos, antes de desig-nar a alguien como “parte” para fines de la revisión judicial, la agencia debe evaluar la naturaleza de la participa- *474 ción de esa persona o entidad en los procedimientos administrativos.
Según surge de los autos, algunas de las personas que fueron notificadas del procedimiento que nos ocupa en vir-tud de la disposición reglamentaria sobre notificación a ve-cinos, ni siquiera aparecen registradas en la hoja de asis-tencia de la vista celebrada por A.R.Pe. Por tal razón, es claro que éstas no tuvieron una participación activa en el procedimiento, por lo que erró A.R.Pe. al incluirlos como “parte” en la resolución final de la agencia. Con respecto a los demás participantes, corresponde realizar el mismo análisis para determinar el tipo de participación que tuvie-ron ante la agencia administrativa y resolver de una vez si se trata o no de “partes” para fines de la revisión judicial. De ser así, se debe hacer constar la naturaleza de la parti-cipación de cada una de las “partes” así designadas, con-forme a lo resuelto en esta opinión.
IV
Por los fundamentos que anteceden, se confirma la sen-tencia del Tribunal de Apelaciones, Región Judicial de San Juan, y se devuelve el caso a A.R.Pe. para que continúe con los trámites ulteriores conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita. La Juez Asociada Señora Ro-dríguez Rodríguez se inhibió.

 Para una discusión más detallada sobre la deseabilidad de extender esta norma a procedimientos administrativos informales, véase B. Schwartz, Administrative Law, 3ra ed., Boston-Toronto, Ed. Little, Brown and Co., 1991, págs. 462-467.

 Véase Const. I. Meléndez, S.E. v. A.C., 146 D.P.R. 743 (1998), donde nos expresamos a tales efectos.

 En ese caso, la Junta de Planificación le había consultado a varias agencias y entidades durante el transcurso del procedimiento administrativo y le había noti-ficado su resolución final a algunas de éstas. Sin embargo, este Tribunal expresó que la Junta de Planificación no estaba obligada a notificarles, ya que las entidades consultadas por la Junta no están incluidas en la definición de parte contenida en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.).

 La enmienda en cuestión fue introducida por la Asamblea Legislativa por medio de la aprobación, de la Ley Núm. 331 de 16 de septiembre de 2004.

 Esta norma aplica independientemente de que la notificación se hagá en virtud del reglamento de la Administración de Reglamentos y Permisos (A.R.Pe.) o de otro reglamento.

 A modo ilustrativo, véase Shark v. U.S. West Communications, Inc., 545 N.W.2d 194 (1996), donde el Tribunal Supremo de Dakota del Norte distinguió entre la definición de “parte” para fines de la participación en los procedimientos adminis-trativos y “parte” para la revisión judicial. En dicho caso el Tribunal Supremo de ese estado enumeró los requisitos que, a su entender, debe' reunir cualquier parte que pretenda ser designada como tal para fines de la revision judicial, y expresó: “Any person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and -who participates in the proceeding before such agency, is aj“party” to any proceeding for the purposes of taking an appeal from the decision.” (Énfasis suplido.) íd., pág. 197.

 Véase el comentario número uno de los Model State Administrative Procedure Act, 1981 Act (U.L.A.) Secs. l-102(6)-(7) y 5-106.