EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Metro Senior Development LLC<br><br>Peticionaria<br><br>v.<br><br>Autoridad para el Financiamiento de la Vivienda de Puerto Rico<br><br>Recurrida | Certiorari<br><br>2022 TSPR 47<br><br>209 DPR ____ |

Número del Caso: CC-2021-150

Fecha: 13 de abril de 2022

Tribunal de Apelaciones:

Panel X

Abogado de la parte peticionaria:

Lcdo. Alfredo Ocasio Pérez

Abogados de la parte recurrida:

Lcdo. Enrique Adames Soto
Lcdo. Joel O. Ortiz Santiago

Materia: Derecho Administrativo – La notificación de una resolución administrativa no es suficiente para que a una entidad se le considere "parte" a quien haya que notificarle un recurso de revisión judicial.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Metro Senior Development LLC

    Peticionaria

      v.                CC-2021-0150

Autoridad para el Financiamiento de la Vivienda de Puerto Rico

    Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 13 de abril de 2022.

El presente recurso nos permite revisitar el tema de quién es "parte" a los fines de que se le deba notificar la presentación de un recurso de revisión judicial de una determinación administrativa. Específicamente, nos corresponde determinar si procedía desestimar un recurso porque no se notificó su presentación a cinco entidades que fueron notificadas del dictamen de la agencia. Concluimos que la mera notificación de una resolución administrativa no es suficiente, sin más, para que a una entidad se le considere "parte" a quien haya que notificarle un recurso de revisión judicial.

I

El 27 de diciembre de 2019, Metro Senior Development LLC (Metro Senior) presentó ante la Autoridad para el Financiamiento de la Vivienda de Puerto Rico (Autoridad para el Financiamiento de Vivienda) 20 solicitudes de reservación de crédito contributivo bajo el subcapítulo II de Ley Núm. 140-2001, según enmendada por la Ley Núm. 77-2015, conocida como la Ley de Créditos Contributivos por Inversión en la Nueva Construcción o Rehabilitación de Vivienda, 13 LPRA sec. 10634a et seq. Posteriormente la Autoridad para el Financiamiento de Vivienda denegó la concesión de los créditos contributivos para 18 solicitudes. Inconforme, Metro Senior presentó una solicitud de reconsideración, que la Autoridad para el Financiamiento de Vivienda denegó mediante una *Resolución final*.

Aún inconforme, Metro Senior presentó un recurso de revisión judicial ante el Tribunal de Apelaciones. Subsiguientemente, la Autoridad para el Financiamiento de Vivienda solicitó la desestimación del recurso. La agencia se basó en que el recurso no se perfeccionó dentro del término establecido en la Ley de Procedimiento Administrativo Uniforme y en el Reglamento del Tribunal de Apelaciones. Particularmente, planteó que Metro Senior no notificó a tiempo el recurso de revisión judicial a todas las entidades que fueron notificadas de la resolución administrativa.

Metro Senior se opuso a la desestimación y alegó que notificó a las partes en el proceso ante la Autoridad. Sin embargo, el foro apelativo intermedio desestimó el recurso. Al respecto, entendió que no se informó a todos los que se les notificó la *Resolución final*. Es decir, que el recurso no se perfeccionó porque no se notificó a: S Patricio 5, LLC; VDP 1, LLC; WCP Management, LLC; AEQUILIBIUM, LLC, y La Merced Elderly Manager Corp. Además, el Tribunal de Apelaciones determinó que no se demostró justa causa para incumplir con el requisito de notificación.

Luego, Metro Senior compareció ante nosotros. En síntesis, alegó que la Autoridad para el Financiamiento de Vivienda y ella son las únicas partes en la controversia debido a que no se trataba de un proceso adversativo ni de una subasta pública. También, arguyó que la determinación de la Autoridad para el Financiamiento de Vivienda no afectaba a: S Patricio 5, LLC; VDP 1, LLC; WCP Management, LLC; AEQUILIBIUM, LLC, y La Merced Elderly Manager Corp. Enfatizó que a esas entidades tampoco se les designó como partes interventoras ya que ni siquiera hubo petición a esos efectos. Por ende, concluyó que no tenía que notificarles el recurso.

Por su parte, la Autoridad para el Financiamiento de Vivienda indicó que debíamos desestimar el recurso por falta de jurisdicción ya que Metro Senior no notificó a todas las partes que formaron parte del proceso administrativo ni a los que fueron notificados de la sentencia recurrida. Señaló

que Metro Senior conocía la calidad en la que participaron las entidades notificadas, lo que surgía de las resoluciones, pero aun así optó por omitir la notificación del recurso.

Expedido el auto y trabada así la controversia, la única cuestión que nos corresponde resolver es si el Tribunal de Apelaciones erró al desestimar el recurso de revisión judicial.

II

A. La jurisdicción "[e]s el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración". Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). Los tribunales carecen de discreción para asumirla donde no existe. Torres Alvarado v. Madera Atiles, 202 DPR 495, 500 (2019). Así, los asuntos jurisdiccionales deben atenderse con primacía pues, una sentencia dictada sin jurisdicción es nula. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018); Cruz Padilla v. Depto. Vivienda, 184 DPR 393, 403 (2012). Si el tribunal no tiene jurisdicción debe desestimar la reclamación sin entrar en sus méritos. Beltrán Cintrón et al. v. ELA et al., supra, pág. 102; Torres Alvarado v. Madera Atiles, supra, pág. 501.

Los requisitos reglamentarios deben observarse rigurosamente para que se perfeccionen los recursos ante los tribunales apelativos. Isleta v. Inversiones Isleta Marina,

203 DPR 585, 590 (2019); Mun. de San Juan v. Jta. Planificación, 189 DPR 895, 903 (2013). Particularmente, el requisito de notificar a las partes es de carácter jurisdiccional. Rivera v. Morales, 149 DPR 672, 684 (1999). Por eso, una notificación adecuada es necesaria antes de que el tribunal pueda conocer del pleito. Ruiz Camilo v. Trafon Group, Inc., supra; Montañez Leduc v. Robinson Santana, 198 DPR 543 (2017). De hecho, el perfeccionamiento adecuado de un recurso depende, entre otras cosas, de la oportuna presentación y notificación del escrito a las partes. González Pagán et al. v. SLG Moret-Brunet, 202 DPR 1062, 1071 (2019).

De particular importancia para este caso, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XX-II-B, dispone que la parte recurrente de una decisión administrativa tiene que notificar su escrito de revisión a los abogados de récord o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre. Esta notificación debe hacerse dentro del término para presentar el recurso. Íd. Como se aprecia, la notificación es imperativa ya que coloca a la parte contraria en conocimiento del recurso que solicita la revisión del dictamen de la agencia. Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013).

Si bien la notificación de los recursos es parte integral de la garantía constitucional a un debido proceso de ley, ese requisito no debe interpretarse de forma

inflexible. <u>Montañez Leduc v. Robinson Santana</u>, <u>supra</u>, pág. 552. Es decir, las disposiciones que rigen el perfeccionamiento de los recursos deben interpretarse de forma que se reduzca la desestimación de los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. <u>Isleta v. Inversiones Isleta Marina</u>, <u>supra</u>. "Recuérdese, además, que existe como principio rector en nuestro ordenamiento jurídico la idoneidad de que las controversias se atiendan en los méritos". <u>Montañez Leduc v. Robinson Santana</u>, <u>supra</u>. Véase: <u>VS PR, LLC v. Drift-Wind</u>, 2021 TSPR 76, 207 DPR _ (2021).

B.   Al considerar que el requisito de notificación es de carácter jurisdiccional para recurrir de una determinación administrativa, resulta indispensable identificar adecuadamente quiénes son las partes a notificar. <u>Junta Dir. Portofino v. P.D.C.M.</u>, 173 DPR 455, 462 (2008). "[S]e le debe de prestar particular atención al contenido de la disposición final administrativa, como un factor importante, a la hora de determinar si una persona, natural o jurídica, es "parte" en un procedimiento administrativo a los fines de notificarle el recurso de revisión judicial". <u>Const. I. Meléndez, S.E. v. A.C.</u>, 146 DPR 743, 749 (1998).

En lo pertinente, la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672, establece algunos de los requisitos para presentar un recurso de revisión judicial de una

determinación administrativa. Entre estos, la parte adversamente afectada debe notificar a la agencia y a todas las partes dentro del término establecido para la presentación de la solicitud de revisión. Íd.

Al respecto, la Sección 1.3 (k) de la LPAU, 3 LPRA sec. 9603k, dispone que es parte:

> toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento.

En ese sentido, el Profesor Demetrio Fernández Quiñones define que "es parte aquel que puede demostrar el efecto adverso de la acción administrativa o cómo la inacción del proceso administrativo le puede causar menoscabo a sus derechos". D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed., Colombia, Ed. Forum, 2013, pág. 175.

Además, nuestra jurisprudencia establece que, el concepto "parte" incluye a:

> (1) la persona a quien se dirige la acción; (2) la agencia a quien se dirige la acción; (3) el interventor; (4) quien ha presentado una petición para la revisión o el cumplimiento de la orden; (5) **la persona designada como tal en el procedimiento**, y (6) quien participó activamente durante el procedimiento administrativo, y cuyos derechos y obligaciones pueden verse afectados adversamente por la acción o inacción de la agencia. (Énfasis suplido). JP Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177, 188 (2009).

De hecho, la determinación de quién es "parte", en lo correspondiente a la notificación de una decisión

administrativa o para fines de revisión judicial, se debe hacer de forma objetiva. JP Plaza Santa Isabel v. Cordero Badillo, supra, pág. 196. Particularmente, una persona natural o jurídica que desea intervenir en un proceso adjudicativo y que no se consideró originalmente "parte", debe hacer una solicitud formal por escrito debidamente fundamentada. Íd., pág. 193; Claro TV y Junta Regl. Tel. v. One Link, 179 DPR 177, 208 (2010). En otras palabras, el interesado en intervenir en un proceso adjudicativo administrativo debe presentar una solicitud en la que claramente demuestre cómo se verá afectado su interés por la decisión administrativa. Fund. Surfrider y otros v. A.R.Pe., 178 DPR 563, 576 (2010); JP Plaza Santa Isabel v. Cordero Badillo, supra.

Destacamos que "[n]o todo el que participa en el procedimiento administrativo tiene legitimación activa para ser parte en la revisión judicial". Fund. Surfrider y otros v. A.R.Pe., supra, págs. 574-575. Para que se pueda presentar un recurso de revisión judicial es necesario que se cumpla con los requisitos de ser parte y ser adversamente afectado por la decisión administrativa. Íd., págs. 575-576. No son "parte" y por tanto no hay que notificarles copia de los recursos de revisión: (1) el mero participante; (2) el *amicus curiae*; (3) aquel que comparece a la audiencia pública sin mayor intervención; (4) el que únicamente declara en una vista, sin mostrar ulterior interés, y (6) **aquel que no demuestre tener un interés que pueda verse adversamente**

**afectado por el dictamen administrativo**. Lugo Rodríguez v. J.P., 150 DPR 29, 44 (2000). Véase, además: Pepsi-Cola v. Mun. Cidra, 186 DPR 713 (2012).

Tampoco se convierten automáticamente en "partes" las personas notificadas de un procedimiento administrativo por encontrarse en un radio determinado. Junta Dir. Portofino v. P.D.C.M., supra, pág. 458. Aunque nada impide que una agencia envíe notificaciones de cortesía, la mera designación o notificación de una determinación final no convierte automáticamente a una persona o entidad en "parte" para fines de los procesos de reconsideración o revisión judicial, si estas no cumplen con los demás requisitos para serlo. JP Plaza Santa Isabel v. Cordero Badillo, supra; Junta Dir. Portofino v. P.D.C.M., supra. Consecuentemente, la persona natural o jurídica a quien la agencia administrativa notifique su resolución o remita copia de cortesía, no es "parte" sin más. Ocean View v. Reina del Mar, 161 DPR 557 (2004); Rivera v. Morales, supra.

Respecto a quienes se designó como parte -previa solicitud formal debidamente fundamentada-, la Sec. 3.14 de la LPAU, 3 LPRA sec. 9654, requiere que la agencia en sus resoluciones especifique los nombres y direcciones de los notificados a los fines de que estos puedan ejercer su derecho a la revisión judicial. Incluso, **cuando no se trate del promovido, el promovente o un interventor formal, las agencias administrativas deben explicar la designación de "parte" que hagan al emitir sus determinaciones finales,**

**aunque sea de forma sucinta y breve**. Junta Dir. Portofino v.

P.D.C.M., supra, pág. 468.

> El proceso de especificar los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen requiere que la agencia explique aunque sea de forma breve su decisión de designar como "parte" en su determinación final a personas o entidades que no habían sido designadas formalmente como tal en los procedimientos. (Cita depurada). Íd., pág. 469.

Por eso, cuando la agencia no incluye una explicación sobre la naturaleza de cada una de las "partes" así designadas y notificadas, procede una nueva notificación con la debida explicación. Íd., pág. 470. Esto es necesario para que los tribunales puedan ejercer su facultad revisora y determinen si las designaciones fueron correctas o no. Íd., págs. 469-470. Además, esta nueva notificación es compatible con la Regla 83.1 del Reglamento del Tribunal de Apelaciones, supra.

Esa regla dispone que, si una resolución final de una agencia carece de los fundamentos necesarios para que el Tribunal de Apelaciones pueda ejercer adecuadamente su función revisora, este deberá retener jurisdicción sobre el recurso y ordenar a la agencia que fundamente su resolución. Íd. Una vez se reciba el dictamen fundamentado, el tribunal podrá solicitar que las partes se expresen y procederá a resolver. Íd.

La Autoridad para el Financiamiento de Vivienda enfatizó que el proceso de concesión de créditos contributivos es uno competitivo y abierto porque involucra

fondos públicos. Añadió que la descalificación de algún solicitante es una decisión revisable que requiere que todos los otros sean notificados simultáneamente. A su entender, esa notificación es un requisito de las garantías procesales de la LPAU y del debido proceso de ley. Así, razonó que el recurso de revisión judicial no se perfeccionó porque Metro Senior omitió notificar a las cinco entidades. Concluyó que estas tienen un interés legítimo en conocer cómo se realiza el proceso de cualificación porque pueden sufrir una perdida por la decisión administrativa. No nos convence.

A pesar de que la Autoridad para el Financiamiento de Vivienda certificó que notificó las resoluciones a esas cinco entidades, eso no configura una designación de parte. Las personas notificadas de la determinación administrativa no se convierten automáticamente en partes, para fines de los procedimientos posteriores de reconsideración y revisión judicial, por el mero hecho de que sus nombres y direcciones estén incluidos en esa determinación. <u>Junta Dir. Portofino v. P.D.C.M.</u>, <u>supra</u>, págs. 468-469.

Como vimos, **cuando una agencia hace una designación de "parte" en la propia determinación y no se trata del promovido, el promovente o un interventor formal, debe explicar tal designación, aunque sea de forma sucinta y breve.** Según surge de los autos, esa explicación no formó parte de las resoluciones notificadas. Como resultado, el Tribunal de Apelaciones carecía de los fundamentos necesarios para concluir que las cinco entidades eran

"partes" a las que era imprescindible notificar para que se perfeccionara el recurso de revisión judicial. Por ende, la falta de notificación a estas no ameritaba la desestimación automática del recurso. En ausencia de una designación formal o de una explicación de la agencia, el foro apelativo intermedio no debe dar por sentado que se trata de "partes" a las que es imperativo notificar. Lo correcto es que el Tribunal de Apelaciones ordene a la agencia que fundamente -aunque sea de forma sucinta y breve- las razones que provocan que las entidades notificadas sean "parte".

Ahora bien, examinado el expediente y las razones que esbozó la Autoridad para el Financiamiento de Vivienda en este caso, colegimos que las cinco entidades no son "parte" para fines de revisión judicial. Reconocemos que, en algunas instancias, el interés económico de un competidor puede ser base para concederle una solicitud de intervención en el proceso administrativo. JP Plaza Santa Isabel v. Cordero Badillo, supra, pág. 190. No obstante, este caso carece de tales solicitudes. Además, no encontramos disposición alguna en la Ley Núm. 77-2015, supra, que nos induzca a pensar que la concesión de créditos a un proyecto depende de otros solicitantes. La Ley Núm. 77-2015, supra, únicamente establece un proceso entre el peticionario de la concesión y la Autoridad para el Financiamiento de Vivienda. Si bien hay un tope máximo de créditos, este está enmarcado en cada proyecto de vivienda. Íd.

Concluimos que S Patricio 5, LLC; VDP 1, LLC; WCP Management, LLC; AEQUILIBIUM LLC, y La Merced Elderly Manager Corp., no eran propiamente "partes" del proceso de adjudicación administrativa. Más bien, del expediente surge que el rol de esas entidades se limitó a que también pidieron los créditos contributivos. Nada de lo contenido en las resoluciones administrativas les involucra. Sus derechos no se verían afectados con la disposición del caso por parte del Tribunal de Apelaciones. Por lo tanto, el recurso de revisión judicial no debió desestimarse.

### III

Por los fundamentos que anteceden, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso a ese foro para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Metro Senior Development LLC

    Peticionaria

       v.               CC-2021-0150

Autoridad para el Financiamiento de la Vivienda de Puerto Rico

    Recurrida

SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2022.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la Sentencia del Tribunal de Apelaciones. Se devuelve el caso a ese foro para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez concurren sin opinión escrita.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo