El Juez Asociado Señor Rebollo López no intervino.

CONSTRUCTORA I. MELÉNDEZ, S.E., recurrida, *v.* JUNTA DE SUBASTAS, AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO ET AL. y del VALLE GROUP, INC., peticionarias.

*Números:* CC-97-219      *Resueltos:* 14 de octubre de 1998
CC-97-220

*Luis A. Rivera Cabrera* y *Raúl Castellanos Malavé*, abogados de la Autoridad de Carreteras y Transportación de Puerto Rico, peticionaria; *José A. Sánchez Álvarez* y *Pedro Roldán Carrasquillo*, de *Nevares, Sánchez Álvarez & González Nieto*, abogados de Del Valle Group, Inc., peticionaria; *Fernando Barnés Rosich*, abogado de la recurrida.

PER CURIAM: La Autoridad de Carreteras y Transportación de Puerto Rico y Del Valle Group, Inc., peticionarias en estos recursos consolidados, solicitan que revoquemos una resolución del Tribunal de Circuito de Apelaciones, mediante la cual se denegó una moción de desestimación presentada por la primera, debido a que la recurrida, Constructora I. Meléndez, S.E., no les notificó a todas las partes en el procedimiento administrativo del recurso de revisión sobre la adjudicación de la subasta.

Por considerar que se cometió el error señalado, revocamos la resolución recurrida y desestimamos el recurso instado ante el Tribunal de Circuito de Apelaciones por falta de jurisdicción de dicho foro.

I

El 9 de octubre de 1996 la peticionaria, Autoridad de Carreteras y Transportación de Puerto Rico (en adelante "Peticionaria" o "Autoridad"), llevó a cabo la subasta Núm. 97-40 del proyecto "Extensión Desvío Sur de Guayama" Núm. AC-00542. A la subasta comparecieron los licitadores siguientes: Del Valle Group, Inc.; Constructora Santiago; Río Construction; Jusor Corporation; Las Piedras Cons-

truction; Equipos y Constructora RVD, y la recurrida, Constructora I. Meléndez, S.E.

En el transcurso del procedimiento de subasta la licitación de la recurrida fue eliminada debido a deficiencias insubsanables, y se le adjudicó la subasta al licitador responsivo más bajo: Del Valle Group, Inc., también peticionaria ante nos. La recurrida presentó una Moción de Reconsideración ante la Junta de Subastas que fue rechazada de plano.

No conforme con esta determinación, la aquí recurrida acudió mediante una solicitud de revisión ante el Tribunal de Circuito de Apelaciones el 23 de octubre de 1996. El 14 de noviembre de 1996 la Autoridad presentó una Moción de Desestimación por falta de jurisdicción, toda vez que la recurrida no notificó el recurso de revisión a las demás partes licitadoras en el proceso administrativo.

El 10 de diciembre de 1996 el Tribunal de Circuito de Apelaciones proveyó un no ha lugar a dicha moción de desestimación, y el 15 de enero de 1997 proveyó un no ha lugar a otra moción en la cual se reiteraba la solicitud de desestimación. El 17 de enero de 1997 la Autoridad presentó una moción de reconsideración, la cual fue declarada no ha lugar mediante una resolución dictada el 13 de marzo de 1997.

Inconforme con esta determinación, la Autoridad presentó una solicitud de *certiorari* ante este Tribunal el 25 de abril de 1997. Asimismo, la licitadora agraciada, Del Valle Group, Inc., compareció mediante un recurso de *certiorari* ante nos el 28 de abril de 1997.

Ambas partes formularon el mismo señalamiento de error, esto es, que erró el Tribunal de Circuito de Apelaciones al no desestimar el recurso de la constructora recurrida por no notificarlo a todas las partes en el proceso administrativo.[1]

---

[1] En el señalamiento de error planteado en la Petición de *certiorari*, Caso Núm. CC-97-219, pág. 4, la Autoridad sostiene que:

Así las cosas, el 30 de mayo de 1997 expedimos el auto solicitado y consolidamos los recursos a los fines de revisar las resoluciones en cuestión. Habiendo comparecido todas las partes, estamos dispuestos a resolver.

## II

■ La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.* (en adelante L.P.A.U.), establece un cuerpo de reglas aplicables a todos los procedimientos administrativos conducidos ante las agencias que no hayan sido exceptuadas por la ley. Véase 3 L.P.R.A. sec. 2103. Dicha ley tiene como objeto la implantación de la uniformidad en la administración pública. *Pagán v. F.S.E.*, 129 D.P.R. 888 (1993); *Asoc. Residentes v. Montebello Dev. Corp.*, 138 D.P.R. 412 (1995).

En materia de adjudicación de subastas, la Sec. 3.9 de la L.P.A.U., 3 L.P.R.A. sec. 2169, dispone que los procedimientos serán informales y su reglamentación y términos serán establecidos por las agencias.

A tenor con lo anterior, el Art. XI del Manual de Normas Básicas de Funcionamiento, Reglamento Núm. 02-001 de la Autoridad de Carreteras y Transportación de 30 de junio de 1995, según enmendado, pág. 41, dispone lo siguiente:

"Erró el Tribunal de Circuito de Apelaciones al negarse a desestimar el recurso de revisión judicial de decisión administrativa presentado por la recurrida sin haber cumplido con el trámite jurisdiccional de notificar a todas las partes en el procedimiento administrativo, esto es, los licitadores que comparecieron a la subasta."

Por otro lado, Del Valle Group, Inc. planteó el señalamiento siguiente en la Solicitud de revisión, Caso Núm. CC-97-220, pág. 4:

"Erró el Honorable Tribunal de Circuito de Apelaciones al no desestimar la presente revisión administrativa por falta de jurisdicción ya que la recurrida no notificó el recurso a los licitadores no agraciados quienes son parte en el proceso de impugnación de subasta."

Artículo XI-Revisión de las Determinaciones
   A.   Solicitud de Reconsideración
     Cualquier Licitador afectado adversamente por una decisión de la Autoridad en relación con el proceso de selección y adjudicación expresado en este Reglamento podrá, dentro de los primeros diez (10) días siguientes a la notificación de la decisión, presentar por escrito una solicitud de reconsideración al Director.
   B.   Disposición de solicitudes de Reconsideración
     Las solicitudes de reconsideración y la disposición de las mismas se regirán por la sección 3.19 de la Ley 170 del 12 de agosto de 1988 [3 L.P.R.A. sec. 2169], según enmendada.
   C.   Revisión Judicial
     La revisión judicial de las determinaciones de la Autoridad en torno a una solicitud de reconsideración se regirán por el Subcapítulo 4 de la Ley 170 del 12 de agosto de 1988 [3 L.P.R.A. secs. 2171–2177], según enmendada.

Según dispone el citado Art. XI del Reglamento de la Autoridad Núm. 02-001, la revisión judicial se llevará a cabo de acuerdo con las normas dispuestas por la L.P.A.U., *supra.*

     ■   En este sentido, la Sec. 4.2 de la L.P.A.U., 3 L.P.R.A. sec. 2172, establece, en su parte pertinente, que la solicitud de revisión de una adjudicación de subasta deberá ser presentada por la parte adversamente afectada ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días a partir del archivo en autos de la notificación de la orden o de la resolución final de la agencia. Esta misma sección le impone a la parte que acude en revisión, el deber de notificar la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar la revisión. 3 L.P.R.A. sec. 2172.

Igualmente la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, dispone diáfanamente sobre la notificación, en lo pertinente, que:

   (B) La parte notificará el escrito inicial de revisión a los abogados de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al(a la) funcionario(a) admi-

nistrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso.

Esta notificación a las partes es de carácter *jurisdiccional* y debe hacerse a la agencia *y a todas las partes en el procedimiento administrativo dentro del término para solicitar la revisión judicial.* En numerosas ocasiones hemos dicho que el incumplimiento con lo anterior priva de jurisdicción al tribunal para atender los méritos del recurso de revisión. *Olmeda Díaz v. Depto. de Justicia,* 143 D.P.R. 596 (1997); *Méndez v. Corp. Quintas San Luis,* 127 D.P.R. 635, 638 (1991).(²)

Ahora bien, ¿son partes los licitadores infructuosos en la subasta a los fines de la Sec. 4.2 de la L.P.A.U., *supra,* y de la Regla 58(B) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*? Veamos.

La Sec. 1.3(j) de la L.P.A.U., 3 L.P.R.A. sec. 2102(j), ofrece un concepto abarcador de lo que constituye una "parte" en un procedimiento administrativo:

> ... [T]oda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte

---

(²) A modo de ilustración, el concepto de lo que constituye una parte en el ámbito del derecho procesal civil fue ampliado a raíz de las enmiendas de 1979, las cuales eliminaron el término partes "contrarias" o "afectadas" y lo sustituyeron simplemente por "partes". Este cambio evidentemente denota la intención de conferirle una interpretación amplia y flexible a la definición del término "parte". Véase 4A *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 1142 (1987).

En este sentido, el profesor Cuevas Segarra, comentando sobre el deber de notificación a las partes que dimana de las disposiciones de las Reglas de Procedimiento Civil, ha señalado lo siguiente:

"Las Reglas de Procedimiento Civil de 1979 incorporaron un requisito aún más estricto al eliminar el requisito de notificar a las partes contrarias y exigiendo en la Regla 53.3 de Procedimiento Civil que la solicitud de revisión se le notifique a todas las partes independientemente de si son o no contrarias. Si aún bajo la vigencia del requisito de notificación de partes 'contrarias o afectadas' se exigió la notificación al rebelde que nunca compareció, menos aún pude soslayarse ese elemento indispensable bajo un criterio legislativo más riguroso. El legislador no acostumbra hacer cosas vacuas. El legislador no escribe cosas redundantes ni cosas inútiles. *Cuando se exigió notificación a todas las partes, así debe aplicarse.*" (Énfasis suplido.) J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, Pubs. J.T.S., 1979, Vol. II, págs. 304–305.

en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento.

En este sentido es muy ilustrativo el comentario a la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, al señalar que la notificación del recurso de revisión debe ser hecha a todas las partes así reconocidas en "la disposición final administrativa de que se trate". 4 L.P.R.A. Ap. XXII-A, R. 58. Por ello, se le debe de prestar particular atención al contenido de la disposición final administrativa, como un factor importante, a la hora de determinar si una persona, natural o jurídica, es "parte" en un procedimiento administrativo a los fines de notificarle el recurso de revisión judicial.

En un procedimiento de subasta, la determinación de quién debe ser considerado una parte es algo relativamente sencillo en comparación a otros trámites administrativos que pueden presentar mayor dificultad para catalogar la condición de "parte" de una persona que ha comparecido ante una agencia administrativa.

■ Ciertamente, todo licitador comparece a la subasta en igualdad de condiciones y con las mismas expectativas de prevalecer, siendo incuestionable su condición de parte en el proceso administrativo. Una vez adjudicado el proyecto, los licitadores infructuosos pueden impugnar el resultado de la subasta utilizando el mecanismo de revisión judicial. Véase Sec. 4.2 de la L.P.A.U., *supra*. Dependiendo de la naturaleza de la solicitud de revisión y de lo que disponga el reglamento de la agencia, los demás licitadores que no pudieron o no quisieron cuestionar la adjudicación de la subasta podrían conservar un interés real en el resultado de la revisión. Véase Sec. 3.19 de la L.P.A.U., 3 L.P.R.A. sec. 2169. Ello requiere que se notifique mediante copia del recurso de revisión a todos los licitadores que comparecieron a ésta.

Aplicando lo anterior al caso de autos, surge del expediente que en la notificación de la adjudicación de la subasta a favor de la peticionaria, Del Valle Group, Inc., se incluyó a todos los licitadores infructuosos. Éstos gozaron del derecho a solicitar la reconsideración de la determinación administrativa, el cual les fue reconocido en dicha notificación.

Además, los licitadores infructuosos también gozaban de un interés indubitado en el resultado del recurso de revisión instado ante el Tribunal de Circuito de Apelaciones, toda vez que de acuerdo con el Reglamento de la Autoridad ésta puede, en caso de incumplimiento del licitador agraciado:

(1) adjudicar la subasta al siguiente licitador más bajo;

(2) anular la subasta y celebrar una nueva;

(3) negociar directamente en mercado abierto, o

(4) realizar la obra por administración, de ser un proyecto la obra objeto de la subasta.[3]

A la luz de lo anterior es claro que los licitadores infructuosos en el proceso de subasta son partes para los efectos de la revisión judicial de la determinación administrativa. Consecuentemente, la falta de notificación del recurso de revisión a dichos licitadores privó de jurisdicción al foro apelativo. Por ello erró el Tribunal de Circuito de Apelaciones al denegar la moción de desestimación presentada por la Peticionaria.

Por los fundamentos antes expuestos, *se revocan las resoluciones recurridas y se desestima el recurso instado en el caso de epígrafe por falta de jurisdicción.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.

---

[3] Véase Art. X(E) del Reglamento Núm. 02-001 de la Autoridad de Carreteras y Transportación de 30 de junio de 1995, según enmendado.