EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Junta de Directores Condominio Portofino<br><br>Demandantes-Recurridos<br><br>v.<br><br>P.D.C.M. Associates, S.E.<br><br>Demandados-Peticionarios | Certiorari<br><br>2008 TSPR 54<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2007-431

Fecha: 2 de abril de 2008

Tribunal de Apelaciones:

                Región Judicial de San Juan

Juez Ponente:

                Hon. Dolores Rodríguez de Oronoz


Abogados de la Parte Peticionaria:

                Lcda. Vionette Benítez Quiñones
                Lcdo. Ignacio Vidal Cerra

Abogados de la Parte Recurrida:

                Lcdo. Francisco de Jesús Schuck
                Lcdo. Carlos A. Rodríguez Vidal
                Lcda. Alicia Lamboy Mombille

Materia: Revisión Administrativa procedente de la Administración de Reglamentos y Permisos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Directores Condominio
Portofino

   Demandantes-Recurridos

        v.                           CC-2007-0431  Certiorari

P.D.C.M. Associates, S.E.

   Demandados-Peticionarios


Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton


San Juan, Puerto Rico a 2 de abril de 2008.

En el día de hoy reiteramos la norma establecida en <u>Lugo Rodríguez v. Junta de Planificación</u>, 150 D.P.R. 29 (2000), y aclaramos el alcance de nuestros pronunciamientos en dicho caso sobre quiénes son "parte" para fines de la notificación de un recurso de reconsideración o revisión judicial de una determinación administrativa, así como la distinción entre un mero participante y un participante activo. Al reiterar la referida norma, resolvemos que la mera designación o notificación a personas o entidades de la determinación final de la agencia, no las convierte automáticamente en "parte" para fines de

los procedimientos posteriores de reconsideración y revisión judicial, si éstas no cumplen con los demás requisitos establecidos en Lugo Rodríguez, *Id*. De igual forma, resolvemos que —por tratarse de un asunto revisable— las agencias administrativas deben explicar, aunque sea de forma breve y sucinta, cualquier designación de "parte" que hagan al emitir sus determinaciones finales, cuando no se trate del promovido, el promovente o un interventor designado formalmente como tal durante el procedimiento.

Aclaramos además, que las personas notificadas de un procedimiento administrativo por encontrarse en un radio determinado del proyecto propuesto no se convierten automáticamente en "parte" para fines de la notificación de un recurso de revisión judicial. Más bien, antes de designarle como "parte," la agencia debe evaluar la naturaleza de la participación de las personas y/o entidades así notificadas para determinar si se trata de un mero participante o un participante activo.

I

P.D.C.M Associates, S.E. (en adelante, PDCM) presentó ante la Administración de Reglamentos y Permisos (en adelante, ARPE) un anteproyecto para la construcción de un proyecto residencial llamado Azure Torres I y II a ubicarse en la calle Palm Circle del Municipio de Guaynabo. Luego de los procedimientos administrativos de rigor, ARPE emitió una resolución en la que autorizó el plano de desarrollo preliminar y el anteproyecto de construcción presentado por PDCM. Inconforme con la determinación de ARPE, la Junta de

Directores del Condominio Portofino (en adelante, Portofino) presentó una moción de reconsideración. Portofino le notificó dicha moción a dieciséis (16) personas y/o entidades. Posteriormente, ARPE emitió un nuevo dictamen en el que reafirmó su decisión original.

En su dictamen, ARPE hizo alusión a una moción presentada por PDCM cuestionando la jurisdicción de la agencia para atender la moción de reconsideración instada por Portofino, toda vez que la misma alegadamente no había sido notificada a todas las "partes." Sin embargo, ARPE declinó adjudicar el asunto jurisdiccional aduciendo que ya había tomado una determinación favorable a la parte que solicitaba la desestimación, en este caso la propia PDCM.

Aún inconforme, Portofino presentó un recurso de revisión judicial ante el Tribunal de Apelaciones. En su escrito argumentó, *inter alia,* que ARPE incidió al identificar como "parte" en el proceso administrativo a treinta y siete (37) personas. Sostuvo que no todas las personas a las que la agencia notificó su dictamen participaron del mismo en calidad de "parte".

Oportunamente, PDCM solicitó la desestimación del recurso presentado, alegando que ARPE carecía de jurisdicción para entender en la moción de reconsideración presentada por Portofino, ya que la misma no había sido notificada a todas las "partes" del proceso. A base de ello, argumentó que el Tribunal de Apelaciones tampoco tenía jurisdicción para atender el recurso de revisión de la determinación administrativa.

Luego de varios trámites procesales, el Tribunal de Apelaciones emitió una resolución en la que le ordenó a ARPE comparecer e identificar quiénes fueron "parte" en el proceso administrativo. En su resolución, el tribunal enfatizó que no toda persona que participa en un procedimiento administrativo ante la agencia es "parte" para propósitos de notificación de los trámites posteriores a la resolución administrativa. Por ello, instruyó a ARPE para que especificara la naturaleza de la participación en el procedimiento administrativo de cada una de esas personas y/o entidades.

En respuesta a la resolución del tribunal, ARPE compareció y adujo que en su dictamen ya había identificado las "partes" del caso. Además, sostuvo que el litigante inconforme con la enumeración de las "partes" hecha en su resolución original venía obligado a hacer el planteamiento en la moción de reconsideración o en su recurso de revisión judicial. Enfatizó que, de todos modos, éste tenía que notificar su impugnación a todos los que estaban incluidos en la enumeración realizada por ARPE. Por último, ARPE argumentó que el Tribunal de Apelaciones debía desestimar el recurso de revisión por falta de jurisdicción, debido a que Portofino no notificó su moción de reconsideración a todas las personas notificadas del dictamen administrativo.

El Tribunal de Apelaciones devolvió el caso a ARPE y ordenó que la agencia administrativa notificara nuevamente su decisión. De igual forma, instruyó a que en su notificación ARPE expusiera la naturaleza de la

participación de cada una de las treinta y siete (37) personas y/o entidades a quienes notificó su dictamen. Ello, según el tribunal, para poder ejercer su facultad de revisión y evaluar, a la luz de Lugo Rodríguez v. J.P., *Id*., cuáles de las personas notificadas por la agencia son "parte" a los fines de los trámites posteriores de reconsideración y/o revisión judicial. Finalmente, concluyó que los términos para solicitar revisión no comenzarían a correr hasta que ARPE notifique su determinación de forma consistente con lo resuelto por el tribunal.

De la decisión del Tribunal de Apelaciones acude ante nos PDCM y nos solicita que revoquemos el dictamen recurrido. Señala como único error que el tribunal ordenara a ARPE exponer la naturaleza de la participación en el procedimiento administrativo de cada persona o entidad notificada en su determinación final. En esencia, sostiene que la simple designación como "parte" de todas las personas notificadas en la orden de ARPE es suficiente para identificar quiénes deben ser notificados de un recurso de revisión judicial, sin que la agencia tenga que explicar en qué consistió su participación. Argumenta que tal requerimiento constituiría una interpretación holgada y expansiva de Lugo Rodríguez v. J.P., *Id.*

Examinada la solicitud, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

La controversia planteada requiere que definamos quién es "parte" para fines de un procedimiento administrativo y quién lo es para las etapas posteriores de reconsideración y revisión judicial. La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme (en adelante, L.P.A.U.), 3 L.P.R.A. Sec. 2172, dispone que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Dicha solicitud debe ser notificada tanto a la agencia como a todas las partes dentro del término para solicitar la revisión judicial. Lugo Rodríguez v. J.P., *Id*.

La Sección 1.3 de la L.P.A.U. define "parte" como toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento. 3 L.P.R.A. sec. 2102. Por otro lado, el Profesor Demetrio Fernández opina que "es parte aquel que puede demostrar el efecto adverso de la acción administrativa o cómo la inacción del proceso administrativo le puede causar menoscabo a sus derechos." D. Fernández Quiñones, Derecho Administrativo y Ley de

Procedimiento Administrativo Uniforme, Ed. Forum, 1993, pág. 159.

En la jurisdicción federal, el Administrative Procedure Act define "parte" de la siguiente forma:

> "party" includes a person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in an agency proceeding, and a person or agency admitted by an agency as a party for limited purposes. 5 U.S.C. Sec. 551(3).

Este Tribunal ha reconocido la dificultad que conlleva precisar quién es parte en un procedimiento administrativo. Véase por ejemplo, Const. I. Meléndez, S.E. v. Autoridad de Carreteras, 146 D.P.R. 743, 749 (1998). No obstante, la ley es clara al señalar que son "parte" el promovido, el promovente, el interventor y aquel designado como tal. Ahora bien, la controversia surge en cuanto a aquellos que puedan reclamar ser "parte" pero que no se encuentren dentro de las mencionadas categorías. Véase Lugo Rodríguez v. J.P., *supra,* a las págs. 39-40. En vista de que la notificación a la agencia y a todas las partes es de carácter jurisdiccional, identificar adecuadamente a las partes resulta indispensable para poder recurrir de una determinación administrativa, ya sea mediante solicitud de reconsideración o presentando un recurso de revisión judicial. Const. I. Melendez S.E. v. Autoridad de Carreteras, *supra.*

En Lugo Rodríguez, nos expresamos sobre quiénes son "parte" para fines de la notificación de un recurso de revisión judicial. En esa ocasión distinguimos el

participante activo de un mero participante y concluimos que el mero participante no es parte y, por tanto, no tiene que ser notificado de un recurso de revisión judicial. Al definir estos conceptos, sostuvimos que un mero participante se limita a comparecer a la audiencia pública, sin mayor intervención; o declara en la misma pero no demuestra interés ulterior en el asunto; o únicamente suple evidencia documental; o participa en calidad de *amicus curiae*. Lugo Rodríguez v. J.P., Id. a la pág. 43.

En cuanto al participante activo, resolvimos que su participación en el procedimiento administrativo ha de ser más plena. En particular expresamos que:

> [l]a persona ha de demostrar que tiene un interés reconocido en el dictamen de la agencia; comparece a la(s) vista(s) y presenta su posición oralmente y por escrito, y asume un rol activo en el proceso más allá de una mera participación como testigo o "amigo de la corte". Un participante activo es, pues, aquél que utiliza los remedios disponibles en aras de proteger su interés e interviene de forma tal en el proceso que resultaría injusto y arbitrario no considerarlo una "parte". Lugo Rodríguez v. J.P., Id. a las págs. 43-44.

Al resumir la norma establecida en Lugo Rodríguez, expresamos que son partes, a las cuales es necesario notificar copia de un recurso de revisión judicial: (1) el promovente; (2) el promovido; (3) el interventor; (4) **aquel que haya sido notificado de la determinación final de la agencia administrativa;** (5) **aquel que haya sido reconocido como "parte" en la disposición final administrativa;** y (6) aquel que participa activamente durante el procedimiento

administrativo y cuyos derechos y obligaciones puedan verse adversamente afectadas por la acción o inacción de la agencia. (Énfasis suplido) Lugo Rodríguez, *Id*, a la pág. 44.

No obstante, aclaramos que no son "parte" a quienes tenga que notificárseles copia de los recursos de revisión judicial: (1) el mero participante; (2) el *amicus curiae*; (3) aquel que comparece a la audiencia pública sin mayor intervención; (4) aquel que únicamente declara en la vista, sin demostrar ulterior interés; (5) aquel que se limita a suplir evidencia documental; y (6) aquel que no demuestre tener un interés que pueda verse adversamente afectado por el dictamen de la agencia. Lugo Rodríguez v, J.P., Id.

III

En el caso de autos, ARPE alega –en esencia– que la mera designación como "parte" de treinta y siete (37) personas y/o entidades en su resolución final, es suficiente para que esas personas y/o entidades sean consideradas "parte" para fines de la notificación de un recurso de revisión judicial. Por tal razón, se negó a exponer la naturaleza de la participación de cada una de ellas en el procedimiento administrativo.

La agencia justifica su negativa a describir la naturaleza de la participación de cada una de las "partes", fundamentándose en lo resuelto por esta Curia en Lugo Rodríguez. En particular, ARPE cita la enumeración que hiciéramos en dicho caso sobre quiénes deben ser considerados como "parte", para fines de la notificación de

un escrito de revisión judicial. En efecto, en nuestra enumeración incluimos, *inter alia,* a "aquel que haya sido notificado de la determinación final de la agencia administrativa y aquel que haya sido reconocido como "parte" en la disposición final administrativa". Véase Lugo Rodríguez v. J.P. *Id*.

No obstante, debemos reconocer que la interpretación propuesta por ARPE sobre Lugo Rodríguez, tendría el efecto de anular la norma establecida en ese mismo caso en cuanto a la distinción entre un mero participante y un participante activo. Según el razonamiento de la agencia, el mero hecho de notificar su resolución final a una persona o entidad o designarla como "parte" en su resolución final, convierte a dicha persona y/o entidad en "parte," **aun cuando de acuerdo a Lugo Rodríguez, ésta sea un mero participante a quien no hay que notificar un recurso de revisión judicial.**

Tomamos conocimiento judicial que dicha interpretación de Lugo Rodríguez está causando serios inconvenientes para todos los que participan de procedimientos administrativos en dicha agencia. El origen de tales inconvenientes es, precisamente, que la agencia está notificando como "parte" en su determinación final a un número considerable de personas o entidades, incluyendo aquellas que están dentro del radio de cien (100) metros del proyecto propuesto, notificadas por disposición reglamentaria, sin hacer la correspondiente distinción entre un mero participante y un participante activo, según los criterios esbozados en Lugo

Rodríguez. Al hacer dicha notificación, la agencia tampoco explica su decisión de designar como "parte" para fines de los procedimientos posteriores de reconsideración y revisión judicial a determinadas personas y/o entidades. Evidentemente, este tipo de notificación dificulta la revisión judicial de la designación de "parte" hecha por la agencia y hace el procedimiento muy oneroso para las personas interesadas en solicitar revisión judicial.

Ante esta situación, es necesario que aclaremos nuestros pronunciamientos en Lugo Rodríguez, al incluir como "parte" para fines de la notificación de un recurso de revisión judicial, *inter alia,* "a aquel que haya sido notificado de la determinación final de la agencia administrativa y aquel que haya sido reconocido como "parte" en la disposición final administrativa." Véase Lugo Rodríguez v. J.P. *Id.* Además, debemos evaluar la situación particular de las personas notificadas del procedimiento administrativo por disposición reglamentaria al encontrarse dentro de cien (100) metros del proyecto propuesto.

### A

En su escrito, ARPE sostiene que no tiene que fundamentar las designaciones de "parte" hechas en su determinación final y que la mera notificación de sus determinaciones finales convierte automáticamente en "parte" para fines de un recurso de revisión a las personas o entidades así notificadas. No le asiste la razón. Veamos.

La Sección 3.14 de la L.P.A.U., según enmendada, dispone que la agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas -naturales o jurídicas- a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que éstas puedan ejercer efectivamente el derecho de revisión judicial conferido por ley. 3 L.P.R.A. Sec. 2164. No obstante, tanto la determinación final de la agencia, como la designación de "parte" que en ella se pueda hacer, son revisables ante los tribunales.

Anteriormente hemos expresado que para que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de la decisión de una agencia sea efectivo, es imprescindible exigir que ella esté fundamentada aunque sea de forma sumaria. Véase L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, 149 D.P.R. 869, 877-878 (1999), citando a RBR Construction v. Autoridad de Carreteras, res. el 22 de diciembre de 1999, 149 D.P.R. 836 (1999). Ello responde al entendido que si la parte adversamente afectada por la determinación de una agencia desconoce los motivos para su proceder, el trámite de la revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil. Véase L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, Id.

La necesidad de que las agencias fundamenten sus determinaciones, con el fin de que los tribunales podamos

ejercer nuestra facultad revisora, se extiende también a determinaciones administrativas en procedimientos informales. En L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, *Id.*, expresamos que en procedimientos informales se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación. **Aun cuando no se exige determinaciones de hechos y de derecho en la adjudicación de procedimientos informales, deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión**. (Énfasis Suplido) L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, *Id.* a la pág. 878.[1]

En aquella ocasión resolvimos que la notificación de la adjudicación de una subasta debe ser fundamentada, al menos de forma sumaria y sucinta. L.P.C. & D. Inc. v. Autoridad de Carreteras y Transportación, *Id.* Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Véase Punta de Arenas Concrete v. Junta de Subastas, Municipio de Hormigueros, 153 D.P.R. 733, 742 (2001).

---

[1] Para una discusión más detallada sobre la deseabilidad de extender esta norma a procedimientos administrativos informales, véase B. Schwartz, Administrative Law, 3ra ed., Ed. Little, Brown and Co., 1991, págs. 462-467.

Debemos recordar que si bien la determinación final de una agencia administrativa es un factor importante para determinar quién es "parte" para fines de la notificación de un escrito de revisión judicial,[2] ello no debe ser interpretado como un cheque en blanco para que la agencia administrativa designe como "parte" –para fines de la notificación de un recurso de revisión judicial– a personas o entidades que no cumplen con los requisitos que para tales designaciones esbozamos en Lugo Rodríguez. De hecho, anteriormente hemos rehusado concederle el estatus de "parte" a una persona o entidad por el mero hecho de ésta haber sido notificada de la determinación final de la agencia. Véase Rivera Ramos v. Morales Blas, 149 D.P.R. 672 (1999).[3]

Por tanto, al reiterar la norma establecida en Lugo Rodríguez, aclaramos que al emitir sus determinaciones finales y especificar los nombres y direcciones de las partes, las agencias deberán explicar, aunque sea de forma breve y sucinta, cualquier designación de "parte" que hagan en dicha determinación final cuando no se trate del promovido, el promovente o un interventor designado

---

[2] Véase Constructora I. Melendez v. Junta de Subastas, Autoridad de Carreteras y Transportación, *supra*, donde nos expresamos a tales efectos.

[3] En ese caso, la Junta de Planificación le había consultado a varias agencias y entidades durante el transcurso del procedimiento administrativo y le había notificado su resolución final a algunas de éstas. Sin embargo, este Tribunal expresó que la Junta de Planificación no estaba obligada a notificarles ya que las entidades consultadas por la Junta no están incluidas en la definición de parte contenida en la L.P.A.U., *supra*.

formalmente como tal en los procedimientos. Es decir, fuera de las tres categorías antes mencionadas, la agencia deberá explicar brevemente cualquier designación de parte hecha en su determinación final, pues la mera designación o notificación a personas o entidades de dicha determinación, no convierte a éstas automáticamente en "parte" para fines de los procedimientos posteriores de reconsideración y revisión judicial, si no cumplen con los demás requisitos establecidos en Lugo Rodríguez.

La explicación o fundamentación breve que debe hacer la agencia estará dirigida a demostrar que -con respecto a esas personas- se cumplen los requisitos de "parte" para fines de la notificación de un recurso de revisión esbozados en Lugo Rodríguez, y estará guiada por la norma reiterada por este Tribunal sobre la distinción entre un mero participante y un participante activo.

Sin embargo, conviene señalar que nada de lo aquí resuelto impide que la agencia envíe notificaciones de cortesía a todas las personas que participaron en los procedimientos, aun cuando se trate de meros participantes que, por tanto, no deben ser considerados como "parte" para fines de la notificación de un escrito de reconsideración y revisión judicial. Ciertamente, aquellos que no estén conformes con la designación de "parte" hecha por la agencia, podrán pedir la reconsideración y/o revisión judicial de dicha designación, pero sólo tendrán que notificar a las "partes" así designadas por la agencia.

Finalmente, es importante señalar que el lenguaje de la sección 3.14 de la L.P.A.U. que citáramos anteriormente, es producto de una enmienda introducida por la Asamblea Legislativa luego de nuestra decisión en Lugo Rodríguez.[4] En esencia, la enmienda requiere que las agencias especifiquen los nombres y las direcciones de las personas o entidades a quienes en calidad de "parte" les notifiquen sus determinaciones, a fin de que éstas puedan ejercer efectivamente el derecho a la revisión judicial. No obstante, dicha enmienda no tuvo el efecto –como parece interpretar ARPE– de convertir automáticamente en "parte" para fines los procedimientos posteriores de reconsideración y revisión judicial, a las personas notificadas de la determinación administrativa por el mero hecho de que sus nombres y direcciones estén incluidos en tal determinación.

Por el contrario, la enmienda introducida revela que el legislador quiso establecer un mayor grado de especificidad en las determinaciones de las agencias, al punto de requerir más exactitud en la identificación de las "partes" para fines de la revisión judicial. A su vez y de conformidad con lo señalado anteriormente, somos del criterio que tal ejercicio presupone que la agencia determine si se trata de meros participantes o participantes activos según estos conceptos fueron definidos en Lugo Rodríguez. Ello en vista de que en

---

[4] La enmienda en cuestión fue introducida por la Asamblea Legislativa por medio de la aprobación de la Ley 331 del 16 de septiembre de 2004.

muchas ocasiones, además de especificar los nombres y direcciones de las "partes" así designadas en el procedimiento administrativo –como podría ser el promovido, el promovente o el interventor– las agencias también hacen designaciones de "parte" en la propia determinación final.

Por tanto, el proceso de especificar los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, –al que se hace referencia en la mencionada enmienda a la ley– requiere que la agencia explique aunque sea de forma breve su decisión de designar como "parte" en su determinación final a personas o entidades que no habían sido designadas formalmente como tal en los procedimientos.

Sin duda, tal requisito es cónsono con la mencionada enmienda y con la intención legislativa de requerir mayor especificidad en las determinaciones de las agencias administrativas. Más aún, nuestra interpretación es necesaria para garantizar que los ciudadanos puedan ejercer efectivamente el derecho a la revisión judicial tal como lo estableció la Asamblea Legislativa al enmendar la L.P.A.U.

De conformidad con lo anterior, en el caso de autos, ARPE debe notificar nuevamente su determinación e incluir una explicación breve y concisa sobre la naturaleza de la participación de cada una de las "partes" así designadas y notificadas en su determinación final. Sólo así podría el Tribunal de Apelaciones determinar si, en efecto, las designaciones de "parte" hechas por la agencia son correctas o no, a la luz de los criterios establecidos en

Lugo Rodríguez y de esa forma poder ejercer su facultad revisora.

Pasemos ahora a examinar el asunto específico de las personas que se encuentran dentro del radio de cien (100) metros del proyecto propuesto y que ARPE considera "parte" para fines de la notificación de un escrito de reconsideración y revisión judicial.

B

En su determinación final, ARPE incluyó y notificó en calidad de "parte" para fines de un recurso de revisión, a varias personas y/o entidades que están dentro del radio de cien (100) metros del lugar de ubicación del proyecto propuesto, de acuerdo con la Notificación a Vecinos y Certificación que presentó el promovente. Conforme a la reglamentación vigente, esta notificación es un requisito reglamentario con el cual el promovente debe cumplir para que dichas personas puedan ejercer su derecho a participar en el proceso administrativo. Sin embargo, esta notificación no convierte a los ciudadanos notificados en "parte" en dicho proceso. Para serlo, las personas notificadas deberán cumplir con los criterios establecidos en Lugo Rodríguez, por lo que, en este caso, ARPE erró al no sustentar la designación de "parte" de estas personas bajo dichos criterios.

No obstante, ARPE entiende que las personas que son notificadas de los procedimientos administrativos en cumplimiento con los requisitos reglamentarios de notificación a vecinos, automáticamente se convierten en

"parte" para fines de notificación de un recurso de revisión judicial, independientemente de su grado de participación en los procedimientos. Si bien es cierto que es política pública propiciar una participación amplia en los procedimientos administrativos de todo aquel que tenga un interés que pueda ser afectado por la determinación administrativa, esto no convierte a todo el que participa en un procedimiento administrativo en "parte" para fines de la revisión judicial de la acción administrativa. Así lo establecimos en Lugo Rodríguez y hoy lo reiteramos.

En Lugo Rodríguez, expresamos que la ley es clara al señalar que son "parte" el promovido, el promovente y el interventor designado como tal en el procedimiento administrativo. Sin embargo, la controversia surge en cuanto a aquellos que puedan reclamar ser "parte" pero que no se encuentren dentro de las mencionadas categorías. Véase Lugo Rodríguez v. J.P., *Id* a las págs. 39-40. Precisamente, para atender la situación de las personas y/o entidades que no están dentro de las categorías antes mencionadas y para poder determinar si éstas deben ser designadas como "parte" para fines de la revisión judicial, establecimos la distinción entre el mero participante y el participante activo.

Por lo tanto, al designar como "parte" en su determinación final a una persona o entidad que no sea el promovente, el promovido o el interventor designado como tal, la agencia administrativa deberá asegurarse que ésta cumple con los requisitos esbozados en Lugo Rodríguez. Es

decir, la agencia debe evaluar la naturaleza de la participación de estas personas y/o entidades y determinar si se trata de un mero participante o un participante activo.

En el propio caso de Lugo Rodríguez, citando a Rivera Ramos v. Morales Blas, *supra*, discutimos una situación semejante a la de las personas que participan del proceso administrativo en virtud de la notificación reglamentaria por estar dentro del radio de cien (100) metros del proyecto propuesto. En aquel caso, se trataba de un vecino que se oponía al proyecto propuesto y que había participado del procedimiento administrativo. Al evaluar si se trataba de una "parte" expresamos:

> Primeramente, al ser vecino del sector, entendimos que era obvio su interés en el pleito. En segundo lugar, al presentar una demanda de interdicto provisional y permanente solicitando la paralización de la obra, quedó demostrado su interés en formar parte del proceso. **Lo anterior, unido a su comparecencia a las audiencias públicas para oponerse al proyecto propuesto, lo convirtieron en un participante activo y, por ende, en "parte", aun cuando no solicitó intervención formalmente.** (Énfasis Suplido) Lugo Rodríguez v. J.P., *supra,* a la pág. *45*.

Como se desprende de lo anterior, el Tribunal no reconoció el estatus de "parte" de dicho ciudadano, para fines de la notificación de la resolución final de la agencia, por el mero hecho de ser vecino del lugar del proyecto propuesto o por haber participado en el procedimiento. Más bien, evaluó la naturaleza de la participación del señor Morales Blas y, tras el correspondiente análisis, determinó que había sido un

participante activo, lo que lo hacía merecedor de la designación de "parte."

Igual curso de acción se impone en el caso de aquellos que participan en el procedimiento administrativo en virtud de una notificación reglamentaria por estar dentro del radio de cien (100) metros del proyecto propuesto. Esa notificación, de por sí, aunque les garantiza el derecho a participar del procedimiento administrativo, no los hace parte automáticamente para fines de la notificación de un escrito de revisión. Antes de designarles como "parte", la agencia debe evaluar la naturaleza de su participación a fin de determinar si se trata de un mero participante o un participante activo a la luz de lo resuelto en Lugo Rodríguez.[5]

Lo anterior no debe entenderse como una alteración a la política pública de amplia participación de los ciudadanos en los procedimientos administrativos. Más aún, la norma de Lugo Rodríguez, a la luz de las aclaraciones mencionadas, constituye una medida necesaria para mantener la referida política pública y garantizar el derecho de los ciudadanos a la revisión judicial de las determinaciones administrativas. Así lo han hecho también otras jurisdicciones al limitar la definición de "parte" para fines de la revisión judicial, sin menoscabar la política

---

[5] Esta norma es aplicable independientemente de que la notificación se haga en virtud del reglamento de ARPE o de otro reglamento.

de amplia participación en los procedimientos administrativos.[6]

En gran medida esto se ha logrado distinguiendo la definición de "parte" para fines de la participación en el procedimiento administrativo, de la definición de "parte" para fines de la revisión judicial. Esta diferencia conceptual se ha ido desarrollando con fuerza en la doctrina de derecho administrativo en Estados Unidos.[7] De igual forma, la doctrina en Puerto Rico parece reconocer esta diferencia conceptual. El profesor Demetrio Fernández opina que "una parte puede carecer de legitimación activa para participar en la revisión judicial, pero puede ser considerada como "agraviada" e interesada en participar e intervenir en el proceso administrativo. Véase D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, *supra,* a la pág. 145.

---

[6] A modo ilustrativo, véase Myer Shark and K.W. Simons v. U.S. West Communications, 545 N.W. 2d 194 (1996), donde el Tribunal Supremo de Dakota del Norte distinguió entre la definición de "parte" para fines de la participación en los procedimientos administrativos y "parte" para la revisión judicial. En dicho caso la corte suprema de ese estado enumeró los requisitos que –a su entender- debe reunir cualquier parte que pretenda ser designada como tal para fines de la revision judicial y expresó: "Any person who is **directly interested in the proceedings** before an administrative agency who may be **factually aggrieved** by the decision of the agency, and who **participates in the proceeding before such agency**, is a "party" to any proceeding for the purposes of taking an appeal from the decision." (Énfasis suplido) Myer Shark and K.W. Simons v. U.S. West Comminications, *Id*.

[7] Véase el comentario número uno de los Model State Administrative Procedure Act, 1981 Act Sec. 1-102 (6)-(7) & 5-106, 15 U.L.A. 1, 11, 114 (1990).

De esta forma se puede dar amplia oportunidad para participar a todo el que esté interesado en los procedimientos y que pueda ser afectado por la determinación administrativa, sin hacer inmanejables o demasiado onerosos los procedimientos posteriores de reconsideración y revisión judicial. Es decir, se debe reconocer de forma liberal el derecho de los ciudadanos a participar en los procedimientos administrativos, pero debemos estar claros que no cualquier tipo de participación los convierte en "parte" para fines de la revisión judicial. A tales efectos, antes de designar a alguien como "parte" para fines de la revisión judicial, la agencia debe evaluar la naturaleza de la participación de esa persona o entidad en los procedimientos administrativos.

Según surge de los autos, algunas de las personas que fueron notificadas del procedimiento que nos ocupa en virtud de la disposición reglamentaria sobre notificación a vecinos, ni si quiera aparecen registradas en la hoja de asistencia de la vista celebrada por ARPE. Por tal razón, es claro que éstas no tuvieron una participación activa en el procedimiento, por lo que erró ARPE al incluirlos como "parte" en la resolución final de la agencia. Con respecto a los demás participantes, corresponde realizar el mismo análisis a los fines de determinar el tipo de participación que tuvieron ante la agencia administrativa y resolver de una vez si se trata o no de "partes" para fines de la revisión judicial. De ser así, se debe hacer constar la

naturaleza de la participación de cada una de las "partes" así designadas, conforme a lo resuelto en esta Opinión.

IV

Por los fundamentos que anteceden, se confirma la sentencia del Tribunal de Apelaciones, Región Judicial de San Juan y se devuelve el caso a ARPE para que continúe con los trámites ulteriores conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


                                    Federico Hernández Denton
                                         Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Directores Condominio
Portofino

   Demandantes-Recurridos

       vi.                      CC-2007-0431  Certiorari

P.D.C.M. Associates, S.E.

   Demandados-Peticionarios

SENTENCIA

San Juan, Puerto Rico a 2 de abril de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia del Tribunal de Apelaciones, Región Judicial de San Juan y se devuelve el caso a ARPE para que continúe con los trámites ulteriores conforme a lo aquí resuelto.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo