ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CREATIVE FANS, DBA ABANICOS GARRIGA, CORP.<br><br>Parte Recurrente<br><br>v.<br><br>ADMINISTRACIÓN SERVICIOS GENERALES<br><br>Parte Recurrida | TA2025RA00134 | *Revisión Judicial* procedente de la Administración de Servicios Generales<br><br>Subasta Informal Núm. 25J-15981-R1<br><br>Sobre: Adjudicación de Subasta |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de septiembre de 2025.

El 1 de agosto de 2025, la parte recurrente del epígrafe, Creative Fans, DBA / Abanicos Garriga, Corp., presentó **por derecho propio** un recurso de revisión judicial, intitulado *Comparecencia Especial*. Nos solicitó el examen del *Aviso de Adjudicación* de la Subasta Informal Núm. 25J-15981-R1, realizada por la parte recurrida, Administración Auxiliar de Adquisiciones, adscrita a la Administración de Servicios Generales del Gobierno de Puerto Rico. En la referida determinación, la parte recurrida adjudicó la buena pro a favor de otro contendiente.

Anticipamos que, por los fundamentos que expondremos a continuación, desestimamos el recurso presentado, toda vez que no fue perfeccionado adecuadamente ni se acreditó justa causa.

## I.

Mediante la Subasta Informal del epígrafe, la parte recurrida solicitó propuestas para el reemplazo de dos unidades de extracciones en el área BSL-3 del Laboratorio de Emergencias Biológicas y Químicas del Departamento de Salud.[1] A la invitación comparecieron **seis licitadores en total**, a saber: Air Chiller Mechanical Constructor C.P.

---

[1] Véase, Anejo 1 de la parte recurrida.

(airchmech@aol.com), Creative Fans (sales@creativefanspr.com), Garriga Industrial, Inc. (ventas@garrigaindustrial.com), MQuality Power (gabriel_p_martinez@hotmail.com), Same Day Service, Inc. (samedayser@hotmail.com) y Technical Industrial Sales, Inc. (lcrews@tecindsales.com).

Luego de los procedimientos de rigor,[2] el 24 de julio de 2025, la parte recurrida notificó la adjudicación de la buena pro a todos los licitadores mediante los **correos electrónicos** antes aludidos.[3] MQuality Power resultó ser el agraciado. En cuanto al recurrente, surge del documento que éste ofertó un equipo que no satisfizo las especificaciones solicitadas.[4] En particular, ofreció un equipo de menor potencia (7.5HP),[5] aun cuando el pliego requirió uno de diez caballos de fuerza (10HP *horse power*).[6]

Inconforme con la determinación administrativa, el recurrente acudió oportunamente ante esta curia. Adujo, en esencia, que cumplió con todos los requisitos, términos y condiciones del pliego de subasta, incluyendo el motor 10HP y añadió que fue el postor más económico.

Ahora, en lo que nos atañe, la parte recurrente certificó y acreditó la notificación del recurso administrativo **únicamente** a la parte recurrida. Es decir, **no consignó la certificación de la notificación a los otros cinco participantes**. Tampoco acreditó justa causa alguna. A tales efectos, el 21 de agosto de 2025, emitimos una *Resolución*, para que en el plazo de cinco días, el recurrente evidenciara el cumplimiento de la Regla 58 (B) del Reglamento de Apelaciones, Regla 58 (B) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 80-81, 215 DPR __ (2025). Por igual, ordenamos a la parte recurrida a presentar su alegato en el término reglamentario.

---

[2] Véase, Anejo 2 de la parte recurrida.
[3] Véase, Apéndice 1 de la parte recurrente.
[4] *Id.*, a la pág. 3.
[5] Véase, Apéndice 2 de la parte recurrente, inciso (2), *Modelo* CM22 y Apéndice 3 de la parte recurrente, pág. 6 (CM24-10).
[6] Véase, Anejo 3 de la parte recurrida, inciso (2) *Descripción*.

Transcurrido el plazo en exceso, la parte recurrente no compareció. Por su parte, el recurrido presentó su *Alegato en oposición y en solicitud de desestimación*. En síntesis, solicitó la desestimación del recurso precisamente por la falta de notificación a los otros proponentes. En la alternativa, abogó por la confirmación de la determinación administrativa, toda vez que el recurrente no ofertó un equipo que satisficiera las especificaciones requeridas.

## II.

## A.

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como corolario de ese principio, es una norma conocida que **el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial**. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). En ese sentido, **las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente**. *Soto Pino v. Uno Radio Group, supra*; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Con relación a lo anterior, nos remitimos a la Parte VII del Reglamento del Tribunal de Apelaciones, *supra*, la cual gobierna el trámite de los recursos de revisión instados ante este foro. En particular, en inciso (B) de la Regla 58 de nuestro Reglamento, *supra*, establece el **requisito de notificación del recurso**. Veamos.

(B) **Notificación a las partes**

(1) Cuándo se hará

**La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación** a los abogados o abogadas de récord del trámite administrativo o, en su defecto, **a las partes**, así como a la agencia o al funcionario administrativo o funcionario administrativa de cuyo dictamen se recurre, **dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.**

. . . . . . . .

(4) Certificación de notificación

**La parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello**. La parte recurrente podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original dentro de los tres días laborables siguientes al día de la presentación del escrito de revisión. **El término aquí dispuesto será de cumplimiento estricto**. (Énfasis nuestro).

En suma, la precitada regla requiere que el recurrente notifique el escrito de revisión a todas las partes, dentro del mismo término para presentar el recurso, siendo éste un término de cumplimiento estricto. Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha opinado que este foro apelativo no goza de discreción para prorrogarlos de manera automática. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 170 (2016). Únicamente tenemos discreción para extender un término de cumplimiento estricto si concurren las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Soto Pino v. Uno Radio Group, supra*, pág. 93.

En fin, el requisito de notificación a las partes ha sido incorporado a la práctica jurídica con el interés de salvaguardar el debido proceso de ley de aquellas partes que podrían verse afectadas por la presentación de un recurso apelativo. *Pérez Soto v. Cantera Pérez Inc.*, 188 DPR 98, 106 (2013). En los procedimientos de subastas, el Tribunal Supremo ha reconocido que, además del licitador a quien se adjudicó la buena pro, los licitadores perdidosos en el proceso conservan un interés real en el resultado de la revisión judicial de una adjudicación de subasta —aun cuando no la hayan impugnado— por lo que también se consideran partes. Por ende, **es imperativo notificar mediante copia del recurso de revisión a todos los licitadores que comparecieron a la subasta,**

**pues la falta de notificación nos priva de jurisdicción**. *Const I. Meléndez, S.E. v. A.C.* 146 DPR 743, 750 (1998).

### B.

Nuestro alto foro judicial ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022); además, *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495 (2019). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. **Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente**. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500. Al respecto**,** la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra,* autoriza a esta curia a desestimar un recurso apelativo, bajo el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

### III.

Según reseñamos, la parte recurrente licitó en el proceso de Subasta Informal Núm. 25J-15981-R1. Por su inconformidad con la decisión de la parte recurrida, nos intimó a revisar la adjudicación final. No obstante, al auscultar nuestra jurisdicción, advertimos que la parte

recurrente notificó copia del recurso de revisión solamente al recurrido, pero no certificó ni acreditó haber notificado el recurso y el apéndice al resto de los licitadores, quienes comparecieron a la subasta y proveyeron sus correos electrónicos. Es decir, de conformidad con el ordenamiento reseñado, el recurrente debió notificar copia del recurso a todos los licitadores, incluyendo al agraciado, siendo esto un requisito de cumplimiento estricto. En vista de que la parte recurrente no notificó el recurso instado al resto de los proponentes que comparecieron a la subasta y que tampoco nos acreditó una justa causa para su omisión, como se lo solicitamos, resulta forzoso colegir que la falta de notificación del recurso nos priva de jurisdicción y procede su desestimación. En torno a esto, es necesario precisar que **el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales**. *Febles v. Romar*, 159 DPR 714, 722 (2003).

## IV.

Por los fundamentos antes expresados, desestimamos el recurso de revisión administrativa, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones